# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAISURE SMITH, | Case No. 1:13-cv-00869-AWI-SKO (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| STATE OF CALIFORNIA, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## First Screening Order

### I. Screening Requirement and Standard

Plaintiff Fraisure Smith, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 10, 2013.

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Discussion

### A. Summary of Claim

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California, and he brings this suit for damages against the State of California, Solano County Department of Corrections, and Coalinga State Hospital. Plaintiff alleges that he contracted valley fever following his transfer from Solano County to CSH. Plaintiff alleges that despite having a weak immune system, he was never given any warning regarding the danger of valley fever or notice of preventative measures regarding valley fever.

### B. State and State Agency as Defendants

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, *e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against the State of California or CSH.

### C. Solano County as a Defendant

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Municipalities are considered persons under section 1983 and may be liable for causing a constitutional deprivation, if the municipality's policy or custom inflicted the injury. *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978) and *Long*, 442 F.3d at 1185) (quotation marks omitted).

In this instance, Plaintiff's complaint is devoid of any facts supporting a claim against Solano County.[1]

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

///

///

---

[1] Venue for a claim against Solano County is proper in the Sacramento Division of the Eastern District of California. The Court will address that issue in the unlikely event that Plaintiff is able to state a viable claim against Solano County. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 17, 2014**                        **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE