# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAISURE SMITH, | Case No. 1:13-cv-00869-AWI-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | (Doc. 11) |
| | THIRTY-DAY DEADLINE |

## Second Screening Order

**I.  Background**

Plaintiff Fraisure Smith, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 10, 2013.  On April 18, 2014, the Court dismissed Plaintiff's complaint, with leave to amend for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff filed an amended complaint on May 19, 2014.

**II.  Screening Requirement and Standard**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.   Discussion**

  **A.   Plaintiff's Allegations**

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California, and he brings this action for monetary damages against Audrey King, Executive Director, Department of State Hospitals; Pam Ahlin, former Executive Director, Department of State Hospitals; Robert Withrow, M.D., Executive Medical Director, Department of State Hospitals; Cliff Allenby, Executive Director, Department of State Hospitals; Steven Mayberg, former Director, Department of State Hospitals; Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation ("CDCR"); Solano County; James W. Firman; Kari Cordero; Corrine Cuppy; and Does 1-100 in their personal capacities.

Plaintiff alleges that Defendant Mayberg "had" him transferred to CSH, which is 500 yards away from Pleasant Valley State Prison and is on state property under CDCR authority. (Doc. 11, Amend. Comp., court record p. 5.) Plaintiff alleges that the Secretary of CDCR, the Executive Directors of the Department of State Hospitals, and the Executive Directors of the Department of

2

State Hospitals at Coalinga must inform individuals in their custody of any situations which pose a serious health care problem and potentially affect one's quality of life or cause serious injury or death.

Plaintiff alleges that when he was transferred to CSH, he was not informed about Valley Fever (Coccidioidomycosis), a sometimes fatal fungal disease which poses a serious health care concern. Plaintiff was neither informed of the dangers nor informed of preventative measures.

In November 2011, Plaintiff became ill and misdiagnosed with pneumonia. For four days, Plaintiff was treated for pneumonia and his condition worsened. Plaintiff was subsequently taken to Coalinga Regional Medical Center for emergency treatment. By that time, Plaintiff was fighting for his life, and his temperature at times reached 105 degrees. Plaintiff was treated for pneumonia and Valley Fever until tests could confirm or rule out a diagnosis. Ultimately, the University of California, Davis Medical Center diagnosed Plaintiff with Valley Fever based on sample sent to it.

Plaintiff alleges that in 2006, John Galgiani, M.D., provided a report to J. Clark Kelso stating that prison officials should be acting as if facing a situation where lives were at substantial risk and that the only reasonable public health decision was to cease placing prisoners in Pleasant Valley State Prison and Avenal State Prison. Plaintiff alleges that since the report was made available to the prison healthcare receiver (Kelso), "it is not a stretch of the imagination to assume" that the report was made available to CDCR's Secretary and to all of the defendants since CSH is on state land. (*Id.*, court record p. 8.) Despite this, Defendants failed to provide any information to newly arriving detainees on the dangers of the area and Valley Fever or on preventative measures.

### B. Defendants Solano County, Firman, Cordero and Cuppy

Although Plaintiff names Solano County, Firman, Cordero and Cuppy as defendants, his amended complaint is devoid of any facts linking them to a violation of his constitutional or other federal rights, a deficiency previously identified in the first screening order. *E.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978); *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long*

*v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. Furthermore, Defendants Firman, Cordero, and Cuppy are or were employed at the Solano County Jail, and Plaintiff was previously placed on notice that venue for claims arising out of events in Solano County is proper in the Sacramento Division of the Eastern District of California.[1] *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991).

### C.  Valley Fever Claims

Plaintiff appears to be relying on two theories to demonstrate the violation of his constitutional rights by state officials: exposure to a dangerous condition without adequate warning and deficient medical care.

#### 1.  Exposure to Dangerous Condition

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322-23; *compare Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44

---

[1] The Court takes judicial notice of case number 2:11-cv-00142-EFB *Smith v. Solano County*, in which Plaintiff sued James Firman, Kari Cordero, and Corrine Cuppy for violating his right to medical care while he was at the Solano County Jail. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1   (9th Cir. 2010) (rejecting the *Youngberg* standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

Under certain circumstances, exposure to Valley Fever may support a constitutional claim based on a dangerous condition theory. *See Beagle v. Schwarzenegger*, No. 1:14-cv-430-LJO-SAB, 2014 U.S. Dist. LEXIS 107548 (E.D.Cal. Jul. 25, 2014). However, Plaintiff is suing Defendants in their individual capacities and he is required to allege facts linking their actions or omissions to a violation of his rights. *E.g.*, *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). Plaintiff's allegations regarding Defendants' involvement are speculative at best. As section 1983 does not permit *respondeat superior*, or vicarious, liability and Plaintiff's claim must therefore be premised on Defendants' personal involvement or other specific causal connection, speculative allegations do not suffice. *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. In the interest of justice, however, the Court will permit Plaintiff one final opportunity to amend.

### 2.    **Medical Care**

Plaintiff's amended complaint is devoid of any allegations giving rise to a viable a claim for relief arising out of the failure to provide proper medical care. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. The fact that Plaintiff contracted Valley Fever and was initially misdiagnosed with pneumonia does not support a claim for violation of Plaintiff's constitutional rights. *See Ammons*, 648 F.3d at 1029. Furthermore, there is no causal connection between the named defendants and the medical care Plaintiff received. *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

///

**IV.     Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with one final opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.     If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     **October 9, 2014**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE