# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAISURE SMITH, | Case No. 1:13-cv-00869-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | (Doc. 13) |
| | TWENTY-DAY OBJECTION DEADLINE |

## I.   Background

Plaintiff Fraisure Smith, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 10, 2013. On April 18, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff filed an amended complaint on May 19, 2014, and on October 10, 2014, the Court dismissed the amended complaint, with leave to amend, for failure to state a claim. Plaintiff's second amended complaint, filed on November 10, 2014, is pending before the Court.

## II.   Screening Requirement and Standard

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. §

1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

"Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), and pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).  "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them."  *Blaisdell*, 729 F.3d at 1241.  However, the plaintiff must still set forth sufficient factual allegations, tempered by his pro se status, to support a plausible claim for relief; the mere possibility of misconduct will not suffice.  *See Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**III.   Discussion**

    **A.   Plaintiff's Allegations**

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California, and he brings this action for monetary damages against Cliff Allenby and Audrey King, Executive Directors, Department of State Hospitals; Pam Ahlin, former Executive Director, Department of State Hospitals; Robert Withrow, M.D., Executive Medical Director, Department of State Hospitals; Stephen Mayberg, former Director, Department of State Hospitals; Katherine Warburton, M.D., Deputy Director of Clinical Operations, Department of State Hospitals; Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation ("CDCR");

Matthew Cate, former Secretary, CDCR; Fresno County Board of Supervisors; and Does 1-100. Plaintiff alleges both personal capacity and official capacity claims.

Plaintiff alleges that Defendant Mayberg "had" him transferred to CSH, which is 500 yards away from Pleasant Valley State Prison and is on state property under CDCR authority. (Doc. 13, 2nd Amend. Comp., court record p. 6.) Plaintiff alleges that the Secretary of CDCR, the Executive and Deputy Directors of the Department of State Hospitals, and the Executive and Medical Directors of the Department of State Hospitals at Coalinga are obligated to inform individuals in their custody of any situations which pose a serious health care problem and potentially affect one's quality of life or cause serious injury or death.

Plaintiff alleges that he is African-American and suffers from type-2 diabetes, osteoarthritis, and cancer, factors which allegedly place him at high risk for contracting Valley Fever (Coccidioidomycosis), a sometimes fatal fungal disease which poses a serious health care concern. Plaintiff alleges that when he was transferred to CSH in August 2010, he was neither informed of the dangers nor informed of preventative measures. In November or December 2011, Plaintiff became ill and misdiagnosed with pneumonia by Dr. Hamerick. For four days, Plaintiff was treated for pneumonia and his condition worsened. Plaintiff was subsequently taken to Coalinga Regional Medical Center for emergency treatment. By that time, Plaintiff was fighting for his life, and his temperature at times reached 105 degrees. Plaintiff was treated for pneumonia and Valley Fever until tests could confirm or rule out a diagnosis. Ultimately, the University of California, Davis Medical Center diagnosed Plaintiff with Valley Fever based on samples sent to it.

Plaintiff alleges that in 2004, Renee Kanan, Deputy Director of Health Care Services, wrote a memo to Health Care Services Managers, staff, and CDCR officials (1) addressing Valley Fever and its origin in the soil, and (2) identifying Central Valley prisons as located in areas that host the fungus. In 2006, John Galgiani, M.D., provided a report to J. Clark Kelso stating that prison officials should be acting as if facing a situation where lives were at substantial risk and that the only reasonable public health decision was to cease placing prisoners in Pleasant Valley State Prison and Avenal State Prison. Plaintiff alleges that since the report was made available to

the prison health care receiver (Kelso), "it is not a stretch of the imagination to assume" that the report was made available to CDCR's Secretary and to all of the defendants since CSH is on state land. (*Id.*, court record p. 11.) Despite this, Defendants failed to provide any information to newly arriving detainees regarding the dangers of the area, Valley Fever, or preventative measures.

### B.   Valley Fever Claims

As in his first amended complaint, Plaintiff appears to be relying on two theories to demonstrate the violation of his constitutional rights by state officials: exposure to a dangerous condition without adequate warning and deficient medical care.

#### 1.   Exposure to Dangerous Condition

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322-23; *compare Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the *Youngberg* standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary

tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

As an initial matter, Plaintiff is seeking damages and he is limited to suing Defendants in their personal, or individual, capacities,[1] *Brown v. Oregon Dept. of Corr.*, 751 F.3d 983, 988-89 (9th Cir. 2014); *Aholelei v. Dept. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007), which requires he allege facts linking each defendant's actions or omissions to a violation of his rights, *e.g.*, *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). There must be a causal connection between the violation alleged and each defendant's conduct. *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

The Court finds that Plaintiff's dangerous condition claim fails for two reasons. First, the claim is premised on the location of CSH being so inherently dangerous due to the presence of Coccidioides immitis spores in the soil that his transfer there amounts to a constitutional violation. The Court rejects this premise in light of the recent decision issued in the *Hines* case by the Honorable Anthony W. Ishii, to whom this case is assigned. *Hines v. Youssef*, No. 1:13-cv-00357-AWI-JLT, 2015 WL 164215, at *4 (E.D.Cal. Jan. 13, 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); *accord Williams v. Biter*, No. 1:14 cv 02076 AWI GSA PC 2015 WL 1830770, at *3 (E.D.Cal. Apr. 9, 2015); *contra Beagle v. Schwarzenegger*, No. 1:14-cv-430-LJO-SAB, 2014 U.S. Dist. LEXIS 107548 (E.D.Cal. Jul. 25, 2014). Even applying the lower "professional judgment" standard rather than the Eighth Amendment deliberate indifference standard, Plaintiff's claim necessarily requires acceptance of his premise that detention in the Central Valley rises to the level of a constitutional violation, despite the fact that residing in the Central Valley is a risk very

---

[1] In response to the Court's second screening order addressing his personal capacity claims, Plaintiff added official capacity claims. Official capacity claims against former state officials are barred as a matter of law, *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999), and Plaintiff is precluded from pursuing his damages claims against current state officials in their official capacities, *Brown*, 751 F.3d at 988-89; *Aholelei*, 488 F.3d at 1147.

clearly tolerated by free citizens, regardless of race or medical condition. *Hines*, 2015 WL 164215, at *4. "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at relatively high risk exposure to Coccidioides immitis spores," and "[u]nless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk society would not tolerate." *Id.*

Second, even assuming that transfer to CSH might suffice to underpin a constitutional claim, Plaintiff's allegations regarding the named defendants' involvement remain speculative at best. Section 1983 does not permit *respondeat superior*, or vicarious, liability and Plaintiff's claim must be premised on the defendants' personal involvement or other specific causal connection; speculative allegations regarding knowledge, actions, and/or omissions do not suffice. *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. For these reasons, the Court finds that Plaintiff fails to state a claim under section 1983 based on a dangerous condition theory.

### 2. Medical Care

Plaintiff's second amended complaint is also devoid of any allegations giving rise to a viable claim for relief arising out of the failure to provide proper medical care.[2] *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. The fact that Plaintiff contracted Valley Fever and was initially misdiagnosed with pneumonia does not suffice to support a claim for violation of Plaintiff's constitutional rights. *See Ammons*, 648 F.3d at 1029. There is also no causal connection between the named defendants and the medical care Plaintiff received. *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

### IV. Conclusion and Recommendation

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously provided with two opportunities to amend

---

[2] Unlike Plaintiff's dangerous condition claim, there is no question that the failure to provide adequate treatment for a detainee's medical needs supports a claim under section 1983.

and based on the nature of the deficiencies, further amendment is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2015**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE