IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAISURE EARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | 1:13-CV-0869  AWI  SKO (PC)<br><br>MEMORANDUM OPINION AND ODER ON PLAINTIFF'S OPPOSITION TO MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION FOR DISMISSAL<br><br>Doc. # 17 |

Plaintiff Fraisure Smith ("Plaintiff"), a civil detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on June 10, 2013.  On June 29, 2015, the Magistrate Judge issued Findings and Recommendations ("F&R's") recommending dismissal of Plaintiff's Second Amended Complaint ("SAC") with prejudice for failure to state a claim upon which relief can be granted.  Doc. # 14.  Plaintiff filed objections on August 19, 2015.  For the reasons that follow, the court will adopt the Magistrate Judge's F&R's with the modification that one more modification of the complaint will be allowed.

The factual back ground of Plaintiff's SAC has been adequately set forth in the F&R's and need not be repeated here.  Briefly, Plaintiff is a civil detainee in custody pursuant to California's Sexually Violent Predator Act.  In August 2010 Plaintiff was transferred to the California State Department of Hospitals facility at Coalinga, California ("CDSH-C").  In

November 2011 Plaintiff contracted what was later diagnosed as the disseminated pulmonary form of coccidiomycosis, commonly known as "Valley Fever." Plaintiff is an African-American with Type-2 Diabetes and is therefore at somewhat higher risk of contracting the disseminated form of valley fever than the average person. Plaintiff's SAC also mentions that Plaintiff was diagnosed with "cancer" but makes no mention of the type of cancer or whether Plaintiff is or was receiving cancer chemotherapy. Plaintiff's SAC seeks monetary damages for the pain and suffering resulting from his apparently resolved case of pulmonary coccidiomycosis.

Plaintiff's original complaint and first amended complaint were dismissed with leave to amend pursuant to screening conducted by the Magistrate Judge pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's SAC, like its predecessors alleges claims for violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment on theories of hazardous conditions of confinement and insufficient medical care. In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court's review of the Magistrate Judge's F&R's is *de novo*.

While the court agrees completely with the Magistrate Judge's reasoning and conclusions, there are two features of Plaintiff's opposition to the F&R's that merit some additional comment beyond the mere adoption of the F&R's. First, the court offers its comments on the insufficiency of the facts and legal arguments put forward in Plaintiff's opposition. As Plaintiff observes, he is a civil detainee and his claims are determined according to Fourteenth Amendment standards, rather than the more restrictive Eighth Amendment standards. However, as the F&R's point out, the Fourteenth Amendment, in the context of a claim for exposure to dangerous conditions, requires only that the liberty interests of the detainee are balanced against the relevant state interests and that any decision regarding conditions of confinement be in accord with prevailing professional judgment. See Doc. # 14 at 4:16-24 (citing Youngblood v. Romero, 457 U.S. 307, 321-322 (1982) for proposition cited). It has long been the position of this court that a constitutional right, whether under the Eighth or Fourteenth Amendments, is not

violated where a prisoner or detainee is subjected to a condition that is no more dangerous than what the people in the community where the confinement occurs freely tolerate. See Aluya v. Mgmt. & Training Corp., 13cv1345 AWI JLT, Doc. # 62 at p.p. 7-9 (holding common law duty of care is met where risk faced by prisoners to infection by Coccidioidies immitis is no greater than the risk faced by the community); Hines v. Youseff, 13cv0357 AWI JLT, 2015 WL 164215 (E.D. Cal. 2015) at *4 (denying reconsideration on order granting summary judgment because, *inter alia*, plaintiff failed to show exposure to risk of Valley Fever greater than that of the surrounding community).

What the court wishes to emphasize here is that Plaintiff has alleged nothing at all concerning the conditions of confinement at CDSH-C except that the facility was built in a community that is in a region of California that is endemic or highly endemic for the presence of arthrospores of Coccidioidies immitis and that he was housed there. Plaintiff seems to be of the opinion that it is sufficient for purposes of showing dangerous conditions of confinement to provide evidence of increased incidence of Valley Fever that occurred between 2001 and 2007 at Pleasant Valley State Prison ("PVSP") a facility that about 500 yards away from CDSH-C and that was negatively affected during the construction of CDSH-C due to soil disturbance that was caused by the construction from 2001 to about 2005. Not so. In accordance with the court's prior decisions, this court cannot find that the Plaintiff's initial burden to allege at least a plausible claim for relief is met where the Plaintiff has alleged absolutely nothing concerning the institution in which he was confined, the particular features of that institution that resulted in dangerous conditions, or the practices or procedures within the CDSH-C that may have resulted in increased risk. In short, the court finds that the mere allegation that Plaintiff was confined in a community that happens to be in an endemic area for Valley Fever is not sufficient to show that he was, in fact, exposed to an increased risk or that the individuals responsible for his placement or housing there would have known or had reason to know that Plaintiff was being exposed to a heightened danger of disease.

Second, the court feels that it should comment on Plaintiff's reliance on two unpublished memorandum orders by the Ninth Circuit reversing the dismissal of the plaintiffs' claims on screening orders where the plaintiffs alleged only "that defendants knew of the life-threatening risk of building Coalinga State Hospital in a highly endemic area for valley fever, but nonetheless approved or failed to stop the facility's construction." Samuels v. Ahlin, 13-16044 (9th Cir. Aug. 21, 2014) (provided at pp. 9-12 of Plaintiff's Opposition, Doc. # 17); Sullivan v. Kramer, 14-15872 (9th Cir. June 22, 2015) (provided at p.p. 67-67 of Plaintiff's Opposition, Doc. # 17). Other cases originating in this district have remarked upon and described an apparent shift in the standards applied to screening of *pro se* actions by incarcerated persons who allege exposure to an "unreasonable risk of serious damage to [their] future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). The afore-mentioned "shift" concerns the level of case-specific fact that must be alleged to state a claim under Eighth Amendment standards. As has been noted by various judges in this district, a series of unpublished slip opinions from the Ninth Circuit have resulted in a shift away from requiring that a plaintiff show some particularized factor of which the defendant is aware that predisposes the plaintiff to disease to requiring nothing more than the above-quoted sentence that appears to require only the allegation of exposure to the Valley Fever spores with the knowledge of prison officials.

> Unpublished Ninth Circuit opinions support *Beagle* [a district court decision requiring only the allegation of exposure to Valley Fever at the pleading stage]. *See Smith v. Schwazenegger*, 393 F.Appx. 518, 519 (9th Cir 2010) (*citing Helling*, the Court held that it was not inconceivable that the [p]laintiff could allege a congnizable claim based on Valley Fever exposure); *Johnson v. Pleasant Valley State Prison*, 505 F. Appx. 631, 632 (9th Cir. 2013) ("[D]ismissal of [the plaintiff's] action was improper [at the pleading] stage because [the plaintiff] alleged that prion officials were aware that inmates' exposure to Valley Fever posed a significant threat to inmate safety yet failed to take reasonable measures to avoid that threat."); *Samules v. Ahlin*, 2014 WL 4100684 (9th Cir. 2014).

Lua v. Smith, 2015 WL 1565370 (E.D. Cal. April 8, 2015) at *4.

Other cases from this district have noted that there remain differences of approach and that some courts remain of the opinion that "allegation of increased risk of contracting Valley Fever is insufficient to state a claim for violation of the Eighth Amendment." Gregge v. Kate,

-4-

2015 WL 2448679 (E.D. Cal. May 20, 2015) at *10 (collecting cases). See also, Chaney v. Beard, No. 1:14-cv-369 MJS, 2014 WL 2957469 (E.D. Cal. June 30, 2014) at *3 (holding first prong of Eighth Amendment claim is satisfied if plaintiff has *identified a specific factor* responsible for either increasing the risk of contracting Valley Fever or acquiring the disseminated form of it).

Finally, in noting the diversity of approaches and the lack of consistent and authoritative case law, this court and others have looked to the doctrine of qualified immunity to provide a more predictable basis for advancing or not advancing an action at the pleading stage. See, e.g., Gregge, 2015 WL 2448679 at *10-*13 (noting the diversity of opinion on the issue of what constitutes minimum allegations to support an Eighth Amendment claim but declining nonetheless to grant leave to amend to correct pleading deficiencies because there is no authority that informs state officials of the boundaries between lawful placement of an inmate and unlawful exposure to risk). To determine whether qualified immunity applies, the threshold question is whether, in the light most favorable to the party asserting injury, the facts show an officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001)]; Robinson v. Solano County, 278 F.3d 1007, 1012 (9th Cir. 2002) (en banc). If no constitutional right was violated, immunity attaches and the inquiry ends. Saucier, 533 U.S. at 201. If a constitutional right would have been violated were a plaintiff's allegations established, the next step is to ask whether the right was clearly established in light of the context of the case. Id. Finally, the contours of the right must be clear enough that a reasonable officer would understand whether this or her acts violate that right. Id. at 202.

Applying the doctrine of qualified immunity to cases alleging constitutional violation based on exposure to or acquisition of coccidiomycosis, this court has observed:

//

> Ultimately, however, these varying iterations of the constitutional right [against deliberate indifference to increased risk] at issue in this case are distinctions without any practical difference. The court need not determine the full contours of the Eighth Amendment in the Valley Fever context, what the constitutional right at issue is in these cases, or whether Plaintiffs have pled a violation of their Eighth Amendment rights sufficiently. As discussed below, under *any* definition of the constitutional right at issue in this case, the substantial and unsettled case law concerning Valley Fever within this district establishes that Defendants are entitled to qualified immunity from Plaintiffs' Eighth Amendment claim. This is a case where the court can "rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all."

Jackson v. Brown, 2015 WL 5732826 (E.D. Cal. September 28, 2015) at *1 (quoting Pearson v. Callahan, 555 U.S. 223, 236-237 (2009) (italics in original).

In Hines v. Youssef, No. 13-cv-357 AWI JLT, 2015 WL 2385095 (E.D. Cal. May 18, 2015) this court addressed the lack of authority delineating the contours of the rights of inmates vis-à-vis exposure to coccidiomycosis. In that opinion, this court held that the only apparent authoritative source consisted of guidelines or policies generated by either the court-appointed receiver in Plata v. Brown, 754 3d. 1070 (9th Cir 2014) or policies developed by state agencies such as CDCR in consultation or in accord with the decisions of the receiver. See Hines, 2015 WL 235095 at *9 ("What the foregoing discussion establishes is that, in the context of the application of criteria for exclusion from endorsement to prisons in the cocci hyper-endemic zone in 2008, the right to exclusion on account of any factors not previously recommended by an authoritative source or ordered by the receiver prior to the time of endorsement was not clearly established."). Thus, it was and remains this court's opinion that in this area of legal uncertainty, a state actor is protected from suit by qualified immunity so long as her actions are not inconsistent with policies and procedures established by or in consultation with court-appointed authority.

The court notes that the standard for qualified immunity dovetails closely with the

standard set forth in the F&R for the determination whether Plaintiff's placement at CDSH-C violated Plaintiff's Fourteenth Amendment Due Process right. As the F&R's point out, the Fourteenth Amendment requires that decisions by a professional are accorded the presumption of validity unless it is shown that the decision represents "'such a substantial departure from accepted professional judgment, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" Doc. # 14 at 4:22-24 (quoting Youngberg v. Romerl, 457 U.S. 307, 322-323 (1982). Plaintiff's failure to point to any feature of his confinement at CDSH-C that was contrary to any policy, practice or directive of any person in authority over decisions pertaining to *either* CDCR or CDSH is fatal to Plaintiff's claim not only because it fails to adequately state a claim but also because Defendants who have not acted in contravention of such policy or practice are entitled to qualified immunity.

The court raises the issue of qualified immunity here because, since the Ninth Circuit's unpublished decisions in Johnson v. Pleasant Valley State Prison, Samules v. Ahlin, and similar cases cited above, this court has held that notwithstanding the minimum pleading standards suggested by those cases to state an Eighth Amendment claim, an action alleging constitutional violation based on placement in a Valley Fever endemic zone is nonetheless subject to dismissal if allegations clearly indicate the defendants are entitled to qualified immunity. See Jackson, 2015 WL 5732826 at *8.

The court is of the opinion however, that issues have been raised by both the cases included by Plaintiff in his opposition to the F&R's and by the court's response to those cases. The court will therefore permit Plaintiff one last opportunity for amendment of the complaint to address if, if possible, the issues raised here.

//

//

THEREFORE, it is hereby ORDERED that the findings and recommendations of the Magistrate Judge are hereby ADOPTED with modification.  Plaintiff's SAC is DISMISSED without prejudice.  Any further amended complaint shall be filed and served not later than thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   February 1, 2016                            _____
                                                      SENIOR  DISTRICT  JUDGE