# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAISURE SMITH, | **Case No. 1:13-cv-00869-AWI-SKO (PC)** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | **(Doc. 20)** |
| | **TWENTY-ONE DAY DEADLINE** |

## I. Background

Plaintiff, Fraisure Smith, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 10, 2013, based on his conditions of confinement as a civil detainee. (Doc. 1.) On April 18, 2014, the Court dismissed Plaintiff's complaint, with leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. (Doc. 10.) Plaintiff filed a First Amended Complaint on May 19, 2014, and on October 10, 2014, the Court dismissed the amended complaint, with leave to amend, for failure to state a claim. (Docs. 11, 12.) On November 10, 2014, Plaintiff filed a Second Amended Complaint ("SAC"). (Doc. 13.) Upon screening, Findings and Recommendations ("F&R") issued for the action to be dismissed with prejudice because of Plaintiff's failure and apparent inability to state a claim. (Doc. 14.) Upon review of Plaintiff's objections, the District Judge dismissed the SAC and allowed Plaintiff one final opportunity to correct the deficiencies in his pleadings. (Docs. 17, 19.)

Despite receiving an additional opportunity and specific direction as to the deficiencies in his prior pleadings, Plaintiff fails to state a cognizable claim in the Third Amended Complaint. It is, therefore, recommended that this action be dismissed with prejudice.

## II. Screening Requirement and Standard

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotations and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

"Courts in this circuit have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). *Pro se* complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). "This rule relieves *pro se* litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell*, 729 F.3d at 1241. However, the plaintiff must still set forth sufficient factual allegations, tempered by his *pro se* status, to support a plausible claim for relief; the mere possibility of misconduct will not suffice. *See Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

/ / /

/ /

## III. Discussion

### A. Plaintiff's Allegations

Plaintiff was a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California at the time of the events in question. He brings this action for monetary damages against "Cliff Allenby, ex Director of California D (sic) California Department of State Hospitals,[1] et al." Despite having been previously informed that an amended complaint supercedes prior pleadings,[2] Plaintiff does not name any other defendants in this action and does not state whether he is pursuing Mr. Allenby in his personal, or official capacity, or both. Plaintiff has also significantly truncated his factual allegations.

Plaintiff alleges that, while housed at California Medical Facility ("CMF") in 2005, he was diagnosed with diabetes. In 2009, while in Solano County Jail pending commitment to Coalinga State Hospital ("CSH"), he was diagnosed with early onset prostate cancer. Plaintiff underwent surgical intervention as well as radiation and hormone therapy in November of 2009. In July of 2010, Plaintiff was committed to CSH. Plaintiff alleges that his medical chart and custody records were sent to CSH prior to his transfer.

Plaintiff alleges that in November and December of 2011, he contracted Coccidioidomycosis ("Valley Fever") and almost died. Plaintiff was initially seen by a physician who started Plaintiff on the wrong treatment due to misdiagnosing him with Pneumonia. Four days after commencing treatment, Plaintiff was transferred to the Coalinga Regional Medical Center where the correct diagnosis was made and he received proper treatment.

Plaintiff alleges that, despite knowledge both of the Valley Fever epidemic (which was caused by construction of CSH) and of Plaintiff's past medical history (which caused him to have a weakened immune system), "Defendants" failed to take appropriate measures to protect Plaintiff and other patients with weakened immune systems from contracting Valley Fever. Plaintiff further alleges that Valley Fever spores are trapped and spread throughout CSH via the ventilation system, which has caused grave illness in staff and patients alike. Plaintiff asserts that CDSH and

---

[1] The California Department of State Hospitals is hereinafter referred to as ("CDSH").
[2] *See* Doc. 12, p. 6 citing *Lacey v. Maricopa County*, 693 F.3d 896, 907, n. 1 (9th Cir. 2012) and Local Rule 220.

1  CSH can take actions to reduce the risk of infection, but because they have not done so, they failed
2  to provide Plaintiff safe living conditions while he was detained, nearly causing his death.

3  **B.**     **Valley Fever Claims**

4  Plaintiff appears to allege that he was exposed to a dangerous condition, which could have
5  been prevented and may be attempting to make a claim based on his initial misdiagnosis.

6  **1.**     **Exposure to Dangerous Condition**

7  As stated in the prior screening orders, since Plaintiff was a civil detainee at the time of the
8  events in question, he is entitled to treatment more considerate than that afforded pretrial detainees
9  or convicted criminals. *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). This right to
10 constitutionally adequate conditions of confinement is protected by the substantive component of
11 the Due Process Clause. *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).
12 A determination whether Plaintiff's rights were violated requires "balancing of his liberty
13 interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. Plaintiff is "entitled to
14 more considerate treatment and conditions of confinement than criminals whose conditions of
15 confinement are designed to punish," but the Constitution requires only that courts ensure that
16 professional judgment was exercised. *Youngberg*, 457 U.S. at 321-22. A "decision, if made by a
17 professional, is presumptively valid; liability may be imposed only when the decision by the
18 professional is such a substantial departure from accepted professional judgment, practice, or
19 standards as to demonstrate that the person responsible actually did not base the decision on such a
20 judgment." *Id.* at 322-23; *compare Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44
21 (9th Cir. 2010) (rejecting the *Youngberg* standard and applying the deliberate indifference
22 standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are
23 confined to ensure presence at trial, are not similarly situated to those civilly committed). The
24 professional judgment standard is an objective standard and it equates "to that required in ordinary
25 tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v.*
26 *Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011), *cert. denied*, 132
27 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).
28 //

As an initial matter, Plaintiff is limited to seeking damages against Defendants only in their personal or individual capacities.[3] *Brown v. Oregon Dept. of Corr.*, 751 F.3d 983, 988-89 (9th Cir. 2014); *Aholelei v. Dept. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). This requires that he allege facts linking each defendant's actions or omissions to a violation of his rights. *E.g.*, *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). There must be a causal connection between the violation alleged and each defendant's conduct. *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

As stated in the prior F&R, Plaintiff's claim is premised on the location of CSH being so inherently dangerous due to the presence of Coccidioides immitis spores in the soil that his transfer to that facility amounts to a constitutional violation. The Court rejects Plaintiff's argument in light of the decision issued in the *Hines* case by the Honorable Anthony W. Ishii, to whom this case is assigned. *Hines v. Youssef*, No. 1:13-cv-00357-AWI-JLT, 2015 WL 164215, at *4 (E.D.Cal. Jan. 13, 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); *accord Williams v. Biter*, No. 1:14 cv 02076 AWI GSA PC 2015 WL 1830770, at *3 (E.D.Cal. Apr. 9, 2015); *contra Beagle v. Schwarzenegger*, No. 1:14-cv-430-LJO-SAB, 2014 U.S. Dist. LEXIS 107548 (E.D.Cal. Jul. 25, 2014).

Even applying the lower "professional judgment" standard, rather than the Eighth Amendment deliberate indifference standard, Plaintiff's claim necessarily requires acceptance of his premise that detention in the Central San Joaquin Valley rises to the level of a constitutional violation. Residing in this area is a risk very clearly tolerated by free citizens, regardless of race or medical condition. *Hines*, 2015 WL 164215, at *4. "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at relatively high risk exposure to Coccidioides immitis spores," and "[u]nless there is something about a prisoner's conditions of confinement

---

[3] Official capacity claims against former state officials are barred as a matter of law. *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999). Damages claims against current state officials in their official capacities are also precluded. *Brown*, 751 F.3d at 988-89; *Aholelei*, 488 F.3d at 1147.

that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk society would not tolerate." *Id.*

Even assuming that transfer to CSH might suffice to buttress a constitutional claim, Plaintiff's allegations regarding "the Defendants" involvement does not meet the requisite linkage and causation for a claim under section 1983. To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The generic identifier "Defendants," which Plaintiff exclusively uses throughout the factual allegations in the Third Amended Complaint, is insufficient to link a specific defendant to offending actions, or to place any defendant on notice of Plaintiff's claims so as to prepare a defense. *McHenry v. Renne* 84 F.3d 1172 (9th Cir. 1996). Section 1983 also does not permit *respondeat superior*, or vicarious, liability and Plaintiff's claim are not premised on a defendant's personal involvement or other identified causal connection. Merely naming former DSH Director Allenby as a defendant in the caption does not suffice to establish his liability for the acts of others. *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

Finally, the District Judge's order specifically granted Plaintiff leave to amend to so that he might point to any feature of his confinement at CSH that was contrary to any policy, practice or directive of any person in authority over decisions pertaining to *either* CDCR or CDSH. (Doc. 19, pp. 5-7.) Plaintiff has failed to state *any* such allegations, nor do any of Plaintiff's allegations even provide a basis upon which violation of any such policy, practice, or authoritative directive might be leniently construed. Because of this deficiency, and for the detailed reasons stated in the District Judge's order which need not be repeated here, all Defendants in this action are entitled to qualified immunity on Plaintiff's claim that being housed at CSH exposed him to a dangerous condition.

For these reasons, the Court finds that Plaintiff fails to state a claim under section 1983 based on a dangerous condition theory.

### 2. **Medical Care**

As with Plaintiff's prior pleadings, Plaintiff's Third Amended Complaint is devoid of any allegations giving rise to a viable claim for relief arising out of the failure to provide proper medical care. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  As noted in the prior screening orders and F&R, the fact that Plaintiff was initially misdiagnosed with pneumonia does not suffice to support a claim for violation of Plaintiff's constitutional rights. *See Ammons*, 648 F.3d at 1029. Furthermore, there is no causal connection between the only named defendant and the medical care Plaintiff received. *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

## IV.    **Conclusion and Recommendation**

The Third Amended Complaint fails to state any claims upon which relief may be granted under section 1983.  Plaintiff has received three opportunities to amend and based on the nature of the continuing deficiencies, further amendment is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 13, 2016**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE